

Paul A. Mancino, Jr., Cleveland, Ohio, for petitioner-appellant.

William J. Brown, Atty. Gen. of Ohio, Simon B. Karas, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before WEICK, LIVELY and ENGEL, Circuit Judges.

**Lamar JOHNSON, Petitioner-Appellant,**

v.

**E. P. PERINI, Superintendent, Respondent-Appellee.**

**No. 80–3388.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 9, 1981.

Decided March 16, 1981.

PER CURIAM.

This is an appeal from a judgment of the district court denying an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner contends that his constitutional right to be free of double jeopardy was violated by the proceedings of an Ohio juvenile court which bound him over to the Court of Common Pleas where he was convicted of murder. Petitioner contends that under the bind-over procedures in force in Ohio in November 1967 when petitioner was held to the grand jury a juvenile judge was required to make an adjudication of delinquency in order to bind a juvenile over to the Court of Common Pleas and that such adjudication precluded further prosecution rising out of the facts upon which it was based. The petitioner relies on this court's decision in *Sims v. Engle*, 619 F.2d 598 (6th Cir. 1980).

Though the original opinion in *Sims v. Engle* might be read to support petitioner's contentions, on petition for rehearing the

*Sims* court entered an order which provided in part as follows: "Our opinion does not decide that there is a violation of double jeopardy, if the record of the juvenile court hearing plainly establishes that the hearing was limited to a determination of probable cause, after which the juvenile was ordered to stand trial as an adult in the Court of Common Pleas." 619 F.2d at 606. We conclude that in the present case the record of the juvenile court hearing does establish this fact.

We note first that the order of the juvenile court in the present case contains a finding only that there is probable cause to believe that the petitioner has committed an act which would be a felony if committed by an adult whereas the juvenile court in *Sims* made a finding that it appeared to the court that the juvenile had committed the acts charged. Since this journal entry of the juvenile court is the "end product" of that court's proceedings, we must look further under the holding in *Sims v. Engle, supra.* We find the additional support for the conclusion that the juvenile court did not conduct an adjudicatory hearing in the present case in the opinion of the Court of Appeals of Ohio, 8th District, which considered the double jeopardy argument which was later presented to the district court in this habeas corpus action. The Court of Appeals of Ohio, in determining that there had been no adjudicatory hearing in the juvenile court made the following statement:

> It should be noted that no finding of delinquency was entered at any stage of the Juvenile Court proceedings. The only evidence taken was offered to determine the presence of "probable cause" to believe that an act had been committed which "if committed by an adult could be a felony." This would appear to be a minimal requirement for the proper conduct of a transfer proceeding.

This finding is presumed to be correct. 28 U.S.C. § 2254(d); *Sumner v. Mata,* —— U.S. ——, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). There was no showing to the contrary in the district court.

The judgment of the district court is affirmed.